**AFFIRM; Opinion Filed April 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00884-CV**

**LOCKE LORD LLP AND ROY HARDIN, Appellants**
**V.**
**RETRACTABLE TECHNOLOGIES, INC., Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-17946**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

In an accelerated interlocutory appeal, Locke Lord LLP and Roy Hardin appeal the trial court's order denying their motion to dismiss appellee Retractable Technologies, Inc. (RTI)'s claims pursuant to the Texas Citizen Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. In four issues, appellants argue the trial court erred by finding the TCPA does not apply to RTI's claims and RTI failed to establish a prima facie case for essential elements of its causes of action. We affirm the trial court's order. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

RTI designs and manufactures safety medical devices. When a dispute arose between RTI and one of its competitors, RTI retained appellants to represent them in litigation (Underlying Litigation).

On November 7, 2019, RTI filed suit against appellants, asserting claims for breach of fiduciary duty, legal malpractice and negligence. On January 10, 2020, appellants filed a motion to dismiss pursuant to the TCPA, arguing RTI's legal action against them was based on or in response to appellants' exercise of the right to petition and of the right to free speech and that RTI could not establish a prima facie case for each essential element of its claims. RTI requested and was granted an order allowing TCPA discovery. RTI responded to appellants' motion, and appellants filed a reply in support of their motion. After conducting a hearing that took place over two days in September,[1] the trial court signed an October 9, 2020 order denying appellants' motion. Appellants timely filed this appeal.

## THE TCPA AND STANDARD OF REVIEW

Chapter 27 of the Texas Civil Practice and Remedies Code is an "anti-SLAPP statute," meaning that the legislature enacted it to curb "strategic lawsuits against public participation." *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 868 (Tex. App.—Dallas 2014, no pet.). Its main feature is a motion-to-dismiss procedure

---

[1] Pursuant in part to Texas Supreme Court emergency orders regarding COVID-19, the trial court entered multiple agreed orders modifying and resetting the hearing date.

that allows defendants at an early stage to seek dismissal, attorney's fees, and sanctions for the filing of a meritless suit in response to a defendant's proper exercise of a protected right. *Equine Holdings, LLC v. Jacoby*, No. 05-19-00758-CV, 2020 WL 2079183, at *6 (Tex. App.—Dallas Apr. 30, 2020, pet. denied) (mem. op.).

A Chapter 27 movant bears the initial burden of showing by a preponderance of the evidence "that the legal action is based on or is in response to the party's exercise of the right of free speech, the right to petition, or the right of association." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b); *see also Brenner v. Centurion Logistics LLC ex rel. Centurion Pecos Terminal LLC*, No. 05-20-00308-CV, 2020 WL 7332847, at *3 (Tex. App.—Dallas Dec. 14, 2020, no pet. h.) (mem. op.) (holding amendments to TCPA do not change burden of "preponderance of the evidence" established by *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017)). If the movant carries his or her initial burden, the nonmovant must then establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." CIV. PRAC. & REM. § 27.005(c). Notwithstanding the nonmovant's proof of a prima facie case, however, the court shall dismiss a legal action against the movant if the movant establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law. *Id.* § 27.005(d).

We review de novo the trial court's determinations that the parties met or failed to meet their respective burdens under section 27.005. *See id.* § 27.005 (b), (c); *see also Brenner*, 2020 WL 7332847, at *3 (holding amendments to TCPA do

not change de novo appellate standard of review). In conducting this review, we consider, in the light most favorable to the nonmovant, the pleadings and any supporting and opposing affidavits and other evidence stating the facts on which the claim or defense is based. *See Fishman v. C.O.D. Capital Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *5 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.); *see also* CIV. PRAC. & REM. § 27.006(a). However, the plaintiffs' pleadings are generally "the best and all-sufficient evidence of the nature of the action." *Hersh*, 526 S.W.3d at 467.

### DISCUSSION

Appellants urge RTI's claims implicate their right to petition and right to free speech because they allege communications that pertain to the Underlying Litigation and that were made in connection with a matter of public concern.

In its petition, RTI alleges the following:[2]

1. While representing RTI, Defendants breached the fiduciary duties they owed to RTI by failing to disclose material conflicts of interest and putting their own financial interests ahead of RTI's interests. Defendants placed their own interests ahead of RTI's by failing to disclose material conflicts of interest that were pertinent to Defendants' representation of RTI.

2. Additionally, Defendants intentionally overbilled and falsified their billing in the Underlying Litigation.

3. Defendants sold RTI on presenting a case on a legal theory and/or basis that had been soundly rejected under the applicable law.

---

[2] The following statements are quoted from RTI's petition, although the paragraph numbers have been added for convenience in the analysis *infra*.

–4–

4. Furthermore, Defendants failed to explain to RTI that the legal theory being pursued by Defendants was not supported by or was untenable under the applicable law.

5. Moreover, Defendants failed to present relevant witnesses on one or more central issues in the case during the Underlying Litigation, which was fatal to RTI's claims.

In reviewing whether appellants satisfied their initial burden, when, as here, the lawsuit involves claims predicated on more than one communication, we will analyze each statement. *See Brenner*, 2020 WL 7332847, at *4 (holding step one of TCPA analysis requires statement-by-statement analysis when lawsuit involves claims predicated on more than one communication).

In order for a movant to invoke the TCPA, there must first be a communication. *See* CIV. PRAC. & REM. § 27.001(2)–(4) (rights to petition and of free speech defined include communication). The TCPA defines "communication" to include "the making or submitting of a statement or document in any form or medium, including oral, visual, written audiovisual, or electronic." *See id.* § 27.001(1).

The first and fourth statements allege appellants failed to communicate conflicts of interest and that the legal theory or basis of the Underlying Litigation was not supported by or untenable under applicable law. But, as this Court has already concluded, allegations of merely withholding statements or documents are insufficient allege a "communication" as protected by the TCPA. *See Krasnicki v. Tactical Entm't, LLC*, 583 S.W.3d 279, 284 (Tex. App.—Dallas 2019, pet. denied).

–5–

The fifth statement alleges appellants failed to present witnesses, which in no way alleges the making or submitting of a statement or document and thus does not allege a "communication." *See* CIV. PRAC. & REM. § 27.001(1); *id.*; *see, e.g.*, *White Nile Software, Inc. v. Carrington, Coleman, Sloman & Blumenthal, LLP*, No. 05-19-00780-CV, 2020 WL 5104966, at \*6 (Tex. App.—Dallas Aug. 31, 2020, pet. denied) (mem. op.) (holding attorneys' alleged failure to communicate on behalf of client not "communication" under TCPA).

As for the second statement alleging overbilling, neither appellants nor RTI provided evidence to the trial court of what communications the "overbilling" involved. Indeed, Hardin's affidavit specifically denies any incidents of overbilling or false billing, and, in their reply in support of their motion, appellants argued to the trial court, "But RTI has not attempted to identify any overbilling, much less offer proof of overbilling or any resulting damages." In a deposition transcript attached as an exhibit to appellants' reply, RTI's president and CEO Thomas Shaw admits he does not have evidence to support that allegation, instead only suspicion based on the amounts and an understanding that Locke Lord's billing software allowed it to bill up to 24 hours per day. Without more specific pleading or evidence of the alleged "overbilling," it is difficult to determine that the alleged "overbilling" constituted communications that were protected by and subject to the TCPA. *White Nile Software, Inc*, 2020 WL 5104966, at \*8.

Even assuming, without deciding, the third statement alleges a "communication," we cannot conclude that it "pertain[ed] to a judicial proceeding." The TCPA defines the "exercise of the right to petition" as including "a communication pertaining to a judicial proceeding." *See* CIV. PRAC. & REM. § 27.001(4)(A)(i). A "judicial proceeding" means an actual, existing judicial proceeding. *See Levatino v. Apple Tree Cafe Touring, Inc.*, 486 S.W.3d 724, 728 (Tex. App.—Dallas 2016, pet. denied). The third statement alleges appellants "sold" RTI on presenting a case or legal theory. In its response to appellants' motion, RTI included affidavits from Shaw and RTI's General Counsel Michele Larios and other evidence to demonstrate the complained-of statements regarding the rejected case law or theory were made prior to the filing of the Underlying Litigation and were made as part of a "pitch meeting" in 2006 to convince RTI to retain Locke Lord, which took place prior to RTI filing its 2007 petition in the Underlying Litigation. Accordingly, the third alleged communication did not pertain to an actual, existing judicial proceeding and is thus not protected as an exercise of appellants' right to petition. *See id.*

We now address appellants' argument regarding whether any alleged communications were protected as an exercise of appellants' right to free speech.

"Exercise of the right of free speech" means "a communication made in connection with a matter of public concern." *See* CIV. PRAC. & REM. § 27.001(3). The TCPA defines "matter of public concern" as a statement or activity regarding a

"person who has drawn substantial public attention[,] . . . a matter of political, social, or other interest to the community; or a subject of concern to the public." *See id.* § 27.001(7).[3] As this Court has previously noted, in its 2019 amendments, the legislature redefined "[m]atter of public concern" with the intent to narrow its scope. *See Vaughn-Riley v. Patterson*, No. 05-20-00236-CV, 2020 WL 7053651, at *3 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.). However, even under the broader, pre-2019 definition of "matter of public concern," not every communication bearing some conceptual or tangential relation to the categories set out in section 27.001(7) necessarily regards a matter of public concern. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 137 (Tex. 2019). Rather, we ask whether the alleged communication actually relates to the relevant public interest to which it is said to relate. *See id.* at 136–37.

Appellants argue that because the Underlying Litigation concerned RTI's products—namely, safety syringes—and because that litigation included allegations that RTI's competitor was engaging in conduct that posed a threat to public safety, the Underlying Litigation was therefore a "matter of public concern" that any

---

[3] The complete definition of "matter of public concern" is as follows:

"Matter of public concern" means a statement or activity regarding:

    (A) a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity;

    (B) a matter of political, social, or other interest to the community; or

    (C) a subject of concern to the public.

*See* CIV. PRAC. & REM. § 27.001(7).

communication in connection therewith meet the TCPA's definition of "the exercise of the right of free speech." As we concluded above, the only alleged "communication" from RTI's petition is that, "Defendants sold RTI on presenting a case on a legal theory and/or basis that had been soundly rejected under the applicable law."

Here, although there may be speech related to a matter of political, social, or other interest to the community or a subject of concern to the public, none has to do with the gravamen of the dispute. *See Creative Oil & Gas, LLC*, 591 S.W.3d at 137. From the foregoing and from our review of the pleadings, motions, responses, and evidence, it is clear the dispute is over whether appellants provided RTI with adequate legal advice and services. We conclude appellants failed to establish the TCPA applies to RTI's claims based on appellants' exercise of their right of free speech.

Having concluded RTI's claims are not based on or in response to appellants' exercise of the right of petition or of free speech, we overrule appellants' first three issues urging the TCPA's application to RTI's claims and need not address their fourth issue regarding whether RTI offered prima facie evidence of essential elements of its claims. *See* TEX. R. APP. P. 47.1; *Vaughn-Riley*, 2020 WL 7053651, at *5.

## CONCLUSION

We affirm the trial court's order denying appellants' motion to dismiss pursuant to the TCPA.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200884F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

LOCKE LORD LLP AND ROY
HARDIN, Appellants

No. 05-20-00884-CV     V.

RETRACTABLE
TECHNOLOGIES, INC., Appellee

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-17946.
Opinion delivered by Justice
Schenck. Justices Reichek and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RETRACTABLE TECHNOLOGIES, INC. recover its costs of this appeal from appellants LOCKE LORD LLP AND ROY HARDIN.

Judgment entered this 20th day of April, 2021.